UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NIAGARA RESTITUTION SERVICES, INC.
and YAMAL RAMIREZ,

                                 Plaintiffs,

                                                           Case # 15-CV-580-FPG

v.

                                                           DECISION & ORDER

MICHAEL DEGEN,

                                 Defendant.

## INTRODUCTION

This case involves an allegation that Defendant Michael Degen ("Degen") improperly removed $250,000 from the bank account of Plaintiff Niagara Restitution Services, Inc. ("Niagara Restitution"), a debt collection company owned by Plaintiff Yamal Ramirez ("Ramirez"). In their Amended Complaint, Niagara Restitution and Ramirez ("Plaintiffs") assert claims against Degen for breach of contract, breach of fiduciary duty, conversion, and unjust enrichment. ECF No. 10.

Presently before the Court is Degen's motion to dismiss pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 11. For the reasons stated below, that motion is granted in part and denied in part.

## BACKGROUND[1]

Niagara Restitution is a New York corporation with its principal place of business in Niagara County, which is within the Western District of New York. Ramirez, who also resides

---

[1] The following allegations are taken from Plaintiffs' Amended Complaint (ECF No. 10) and are accepted as true for the purpose of the instant motion to dismiss.

in Niagara County, is Niagara Restitution's Chief Executive Officer and at all relevant times owned 100% of its outstanding shares. The focus of Niagara Restitution's business is debt collection.

Degen, a citizen of Florida, entered into "agreement(s)"[2] with Plaintiffs to become the manager of Niagara Restitution on or about May 1, 2012. Under the "agreement(s)," Degen did not acquire an ownership stake or any other equitable interest in Niagara Restitution.

According to Plaintiffs, the relationship between Degen and Plaintiffs broke down because Degen "obscured the financial affairs of [Niagara Restitution] from Plaintiffs for his own benefit and to Plaintiffs' detriment by, *inter alia*, failing to follow proper financial practices and procedures and by using his interests in other companies to obscure matters."

In addition, Plaintiffs allege that Degen misappropriated and converted assets belonging to Niagara Restitution for his own personal benefit and gain. Specifically, Plaintiffs allege that on or about October 14, 2014, Degen withdrew $250,000 from Niagara Restitution's New York bank account without prior notice to or authorization from Plaintiffs. Plaintiffs later determined from bank personnel that the funds from that withdrawal were subsequently transferred to "bank accounts registered to and/or connected with Degen's mother in Florida." Plaintiffs believe that Degen took the money from Niagara Restitution to use that money "as capital to continue his own debt collection operations in Florida to the willful exclusion of Plaintiffs."

## DISCUSSION

Degen's motion to dismiss contains the following two arguments: (1) Plaintiffs' Amended Complaint should be dismissed pursuant to Rule 12(b)(3) because the Western District of New York is an improper venue for this action, and (2) Plaintiffs' breach of contract claim should be dismissed pursuant to Rule 12(b)(6) because Plaintiffs' allegations are vague and fail

---

[2]    Plaintiffs' Amended Complaint does not specify whether Degen entered into one agreement or multiple agreements to become the manager of Niagara Restitution. ECF No. 10, at ¶ 8.

to include necessary information about the contract at issue.  ECF No. 12.  Each argument is addressed in turn.

## I.   Improper Venue

Absent an evidentiary hearing, the plaintiff need only make a *prima facie* showing that venue is proper to survive a motion to dismiss under Rule 12(b)(3).   *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005).  The court is permitted to consider facts outside of the pleadings, but all facts must be viewed in the light most favorable to the plaintiff.  *Allied Dynamics Corp. v. Kennametal, Inc.*, 965 F. Supp. 2d 276, 287-88 (E.D.N.Y. 2013).

Plaintiffs assert that venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b)(2), which provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  The Second Circuit has explained that the word "substantial" in § 1391(b)(2)[3] means that "for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere."  *Gulf Insurance*, 417 F.3d at 357 (emphasis in original).  Thus, a two-part inquiry is appropriate: courts first identify the nature of the claims involved and the alleged acts or omissions that gave rise to those claims, and then determine whether a substantial part of those acts or omissions occurred in the district where suit was filed.  *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005).

Here, with respect to the first part of the inquiry, Plaintiffs have asserted claims against Degen for breach of contract, breach of fiduciary duty, conversion, and unjust enrichment.  ECF No. 10.  In cases involving a contract dispute, courts look to where the contract was negotiated or

---

[3]       Although *Gulf Insurance* and other cases interpreting federal venue provisions were decided before Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, 125 Stat. 758 (Dec. 7, 2011), that law did not change the relevant language of § 1391(b)(2).  *Gramercy Advisors, LLC v. Ripley*, No. 13-CV-9070 VEC, 2014 WL 4188099, at *6 n.6 (S.D.N.Y. Aug. 25, 2014).

executed, where it was to be performed, and where the alleged breach occurred. *Gulf Insurance*, 417 F.3d at 357. Plaintiffs' claims therefore arose out of Degen allegedly agreeing to become the manager of Niagara Restitution, acting as manager of the company for some time, and then stealing $250,000 from the company's bank account to fund his own debt collection operations in Florida. *Id.*

With respect to the second part of the inquiry, it is clear that a substantial part of the events giving rise to Plaintiffs' claims occurred in the Western District of New York. In response to Degen's motion to dismiss, Ramirez filed a declaration in which he states that he paid to fly Degen from Florida to the Buffalo area on multiple occasions "to inspect my company's premises and operations, as well as to discuss the general terms of his employment." ECF No. 14 ("Ramirez Decl."), ¶ 5. Further, Ramirez states that Degen agreed to assume the role of manager "while he was physically present here in the Buffalo area on one of the aforementioned trips." *Id.* at ¶ 6. Although Plaintiffs do not allege that Degen performed the contract in New York, Ramirez does state that "Degen was constantly in contact with me in regard to said operations while I was located in the Western District [of New York]." *Id.* at ¶ 7. Ramirez also states that Niagara Restitution's bank account, from which Degen allegedly took the $250,000, is located in the Western District of New York. *Id.* at ¶ 8. Thus, even if Degen was physically outside of New York when he withdrew the funds, the breach did in some sense "occur" within the Western District of New York.

These events are more than sufficient to establish that venue is proper in the Western District of New York under § 1391(b)(2). *See Gen. Capital Partners LLC v. Liberty Ridge, LLC*, No. 07-cv-4089, 2007 WL 3010028, at *2 (S.D.N.Y. Oct. 12, 2007) ("[T]he fact that the underlying contract was at least partially negotiated and executed in New York is, standing alone, sufficient for this action to proceed in this District."); *Cosa Xentaur Corp v. Bow*, No. 13-

cv-2912, 2014 WL 1331030, at *7 (E.D.N.Y. Mar. 31, 2014) ("[W]here a communication is transmitted to or from the district in which the cause of action is filed, venue is appropriate in that district given a sufficient relationship between the communication and the cause of action.") (internal quotations omitted).

Degen argues in his motion to dismiss that venue would be proper in Florida and that Florida would be a more convenient location for this litigation. ECF No. 12. But the Court's role in deciding a motion to dismiss for improper venue under Rule 12(b)(3) is simply to determine whether the plaintiff's choice of venue is proper, not whether some other venue would have been better. *See Doe v. New York*, No. 10-cv-1792, 2012 WL 4503409, at *4 (E.D.N.Y. Sept. 28, 2012) (noting that the court is "not required to determine the 'best venue,' but merely a logical one with a substantial connection to the litigation") (quoting *Reliance Ins. Co. v. Polyvision Corp.*, 474 F.3d 54, 59 (2d Cir. 2007)) (internal quotations omitted); *Gulf Insurance*, 417 F.3d at 356 (holding that venue may be proper in multiple judicial districts).

Because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Western District of New York, venue here is proper pursuant to § 1391(b)(2) and Degen's motion to dismiss under Rule 12(b)(3) for improper venue is denied.

## II.   **Breach of Contract Claim**

Degen's second argument is that Plaintiffs' breach of contract claim should be dismissed pursuant to Rule 12(b)(6) because Plaintiffs' allegations are vague and fail to include necessary information about the contract at issue. ECF No. 12. The Court agrees.

A breach of contract claim under New York law contains the following elements: (1) the existence of a valid contract between the plaintiff and the defendant; (2) breach by the defendant; and (3) damages suffered by the plaintiff as a result of the breach. *See, e.g., Americorp Fin., Inc. v. St. Joseph's Hosp. Health Ctr.*, 180 F. Supp. 2d 387, 390 (N.D.N.Y. 2001). To plead these

elements and survive a motion to dismiss, the plaintiff "must provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue." *Id.* (citing *Levy v. Bessemer Trust Co.*, No. 97-cv-1785, 1997 WL 431079, at *5 (S.D.N.Y. July 30, 1997)).

Here, Plaintiffs fail to state a claim for breach of contract. Regarding the existence of a valid contract, Plaintiffs allege the following:

> Plaintiffs and Degen entered into agreement(s) (hereinafter "Agreement(s)") whereby Degen was to act as manager of the Company commencing on or about May 1, 2012. However, Degen was to incur no ownership or other equitable interest in the Company pursuant to this or any other agreement.

ECF No. 10, at ¶ 8. This allegation is insufficient because it fails to indicate whether there was actually one contract or multiple contracts, whether the contract was oral or written, express or implied, who the actual parties to the contract were,[4] or when the contract was entered into. *See Ostrolenk Faber LLP v. Unigene Labs., Inc.*, No. 12-cv-3991, 2012 WL 3114742, at *2 (S.D.N.Y. Aug. 1, 2012). With respect to the breach, Plaintiffs simply allege that "Degen's actions in self-dealing, misappropriating and converting corporate assets were in breach of the Agreement(s)." ECF No. 10, at ¶ 21. This allegation is insufficient to put Degen on notice as to which contract term he allegedly breached. *Posner v. Minnesota Min. & Mfg. Co.*, 713 F. Supp. 562, 563 (E.D.N.Y. 1989) ("[I]n asserting a breach of contract claim, the complaint must plead the terms of the agreement upon which defendant's liability rests."). Therefore, Degen's motion to dismiss Plaintiffs' breach of contract claim is granted.

## CONCLUSION

For the reasons stated above, Degen's motion to dismiss is granted in part and denied in part. Degen's motion to dismiss under Rule 12(b)(3) for improper venue is DENIED, and

---

[4] Because both Niagara Restitution and Ramirez are plaintiffs in this case, it is unclear from the Amended Complaint whether the contract or contracts at issue were signed by Niagara Restitution and Degen, Ramirez and Degen, or Niagara Restitution and Ramirez and Degen.

Degen's motion to dismiss Plaintiffs' breach of contract claim under Rule 12(b)(6) is GRANTED.  Plaintiffs' breach of contract claim is dismissed without prejudice.

IT IS SO ORDERED.

Dated: May 23, 2016
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court